A jury trial was waived by consent, and the facts were found by the court.
This action was for the recovery of money had and received (as alleged) by the defendant to the use of the plaintiffs.
The following are the facts found:
The defendant is the administrator upon the estate of Mrs. Catherine White, who, at the time of her death, resided with the defendant and his wife, the daughter of deceased, in the county of Granville in this State. Deceased had lived in Baltimore prior to 1888, and had then moved to Philadelphia, where she resided until within a month before her death, when she moved to North Carolina and went to live with defendant. While living in Baltimore the three daughters of the deceased lived with her. One of them was the plaintiff, Elizabeth, since then married to the plaintiff, John R. Taylor. Elizabeth attended to the business of her mother when in Baltimore — not to the exclusion of her sisters, but helped them in assisting their mother. She was of age and married before leaving Baltimore. After the death of Mrs. Catherine White, the defendant G. Sikes, who administered upon her estate, found upon her person a pass-book of account of deposits with the Eutaw Savings Bank of Baltimore, showing a balance due to the depositor 1 February, 1889, of $1,365.75.
The account in said book was opened as follows:
No. 51,418.
Catherine White and Elizabeth M. White and the survivor of them, subject to the order of either.
The account book was opened by, and pass-book to the same was issued to Catherine White, and none of the money was paid out by the bank to any one, besides Catherine White in her lifetime, and G. T. Sikes after her death. (726)
The defendant, as administrator of Mrs. Catherine White, presented the pass-book and letters of administration at the bank and demanded payment of the balance. This was declined unless he would produce an order from Elizabeth M. White, who was now married to the plaintiff John R. Taylor, and he was furnished at the bank an order to be signed by the said Elizabeth, which he carried to said Elizabeth, and in the presence of her husband made known to them both the facts above stated, and showed them the order and requested her to sign it. Her husband remarked: "I had no idea the old lady had more than $300 or $400 in all," and handed the order back to his wife, and she was in the act of signing it when he said: "Lizzie, hold on a minute. As the matter now stands, you are about to sign away what is your own, but *Page 506 
when you sign the order, it becomes part of the estate." She replied: "Not so; I lay no claim to the money; I know it is not mine; I know how my mother put it in bank, and it was not intended for me." She thereupon signed the order without further objection on the part of her husband, and gave it to defendant, who drew the money and brought it to North Carolina and holds the same as administrator of his intestate.
The following is a copy of the order signed by the feme plaintiff, both maiden and married name, and referred to above:
PHILADELPHIA, 30 January, 1889.
Eutaw Savings Bank of Baltimore:
Pay to the order of Ginnada T. Sikes, administrator of Catherine White, $1,332.50, with interest, and charge Book No. 51,418.
 ELIZABETH M. WHITE, Papers filed. ELIZABETH M. TAYLOR
(727) Two objections and exceptions were taken by plaintiffs to questions and answers in the deposition of defendant.
The defendant was examined as a witness in his own behalf, and, in the course of his testimony, stated that Mrs. Catherine White had six children at the time of her death. Her three daughters, Anna, Maggie and Elizabeth M., lived with her in Baltimore. They were all grown. Elizabeth was the youngest. Before they left Baltimore she was of age; not when they went there. Witness knows Elizabeth lived with her and attended to her business in Baltimore — not absolutely and individually to the exclusion of the other girls. She helped them when they were there.
All of the foregoing was objected to by plaintiffs. Objection overruled, and defendant excepted.
Defendant further testified that he carried the pass-book; also authenticated letters of administration. The letters were not authenticated at first, and the bank officer told witness it would be necessary to have them authenticated, and witness came back to North Carolina and had them authenticated. When witness presented the pass-book and authenticated letters, they told him the letters were all right, but it would be necessary for witness to have an order from Elizabeth White, and gave him a blank filled up ready for her signature, and asked him if she was married. Witness told them yes, and they said to have her sign her maiden name and her married name.
All the foregoing was objected to by plaintiffs. Objection overruled, and defendant excepted.
Witness took the order and carried it to Elizabeth Taylor, who had been Elizabeth White (in Philadelphia), and was now married. *Page 507 
Plaintiffs objected to any conversation between the witness and Mrs. Taylor, because, she being married, the property passed to her husband. Objection overruled, and plaintiffs excepted.
The witness then related the circumstances under which the (728)feme plaintiff signed the order and gave it to him in the presence of her husband, and the conversation which took place, all of which is detailed in the facts found.
Plaintiffs again objected and excepted.
Upon the testimony as set out in the findings of fact, the presiding judge being of the opinion that, by the admissions of the feme plaintiff in the presence of and not contradicted by her husband and coplaintiff, the money on deposit in the bank in Baltimore belonged to the estate of the defendant's intestate, and an order for the same was given by said feme
plaintiff to defendant, as administrator of the intestate, for the same and that the plaintiffs were not entitled to recover. No claim was made against the defendant as administrator for her share of said fund by the feme
plaintiff in this action.
Judgment was rendered in favor of the defendant, and against the plaintiff for costs, from which judgment the plaintiffs appealed.
Conceding that this case is governed by the laws of Maryland, and assuming, as we must do, in the absence of proof to the contrary, that the common law prevails in that State, we are, nevertheless, unable to see how the plaintiff can recover.
The finding of the judge is a little obscure as to whether the feme
plaintiff had any interest in the money on deposit in the bank. His Honor might very well have found, upon her declaration made in the presence of the husband, together with the other circumstances in evidence, that she did not own any part of the said fund, and we are inclined to think that the case upon appeal is susceptible of the construction that such was his conclusion as a matter of fact.
Putting this aside, however, and granting the husband's right (729) to the money jure mariti, it is well settled, that instead of exercising his right to the fund, he could have treated it as the wife's, and constituted himself a trustee in respect to it for her benefit. SeeBeam v. Bridgers, ante, 276, and the cases there cited.
If he could have done this he could surely have united with her in its disposition, and this he substantially did by permitting her to relinquish her apparent right to it. *Page 508 
The agreement has been executed, and we can see nothing in the case which entitles either of the plaintiffs to recover back the money which they have voluntarily paid to the defendant.
The exceptions as to the admissibility of testimony were not pressed in this Court, and we need not consider them.
Affirmed.
Cited: Walton v. Bristol, 125 N.C. 424, 425.
(730)